COMMONWEALTH of Pennsylvania,
Appellee,

v.

Christopher M. RODLAND, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.

Filed March 15, 2005.

Christopher M. Rodland, appellant, Pro Se.

David C. Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

BEFORE: LALLY–GREEN, KLEIN and JOHNSON, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Christopher M. Rodland, appeals from the trial court's December 3, 2003 order denying his petition for expungement pursuant to 18 Pa.C.S.A. § 9122 and motion for dismissal pursuant to Pa.R.Crim.P. 600. We vacate and remand.

¶ 2 The record reveals that Appellant was charged with arson, aggravated assault, and other related offenses in Blair County in 1999 at criminal action numbers 99 CR 890–913 and 1107–1112. A jury convicted Appellant of several charges and acquitted him of others. In addition, the parties apparently arrived at a plea agreement whereby Appellant pled *nolo contendere* to several of the charges and the Commonwealth *nolle prossed* several others. The trial court neglected to enter an order on the Commonwealth's *nolle prosse* motion at 99 CR 899. In addition, the trial court dismissed various charges pre-trial for lack of evidence. *See,* Trial Court Opinion, 10/4/00. Appellant filed a motion to dismiss the charges at number 99 CR 899 pursuant to Pa.R.Crim.P. 600. Appel-

lant also filed a motion seeking to expunge his record of charges that were *nolle prossed* or dismissed as well as those for which he was acquitted. The trial court denied both motions as improvidently filed. This appeal followed.

¶ 3 Appellant raises the following issues for our review:

Did the lower court abuse its discretion in denying Appellant's motion to dismiss under Pa.R.Crim.P. 600 when the charges filed in Blair County Case No. 99 CR 899 were filed five (5) years ago and no final order has been entered in the matter?

Did the lower court abuse its discretion in denying Appellant's petition to expunge?

Should the time period from May 2, 2000 to July 7, 2000 and July 14, 2000 to October 4, 2000 be considered excludable time for the purpose of determining whether a speedy trial violation has occurred?

Appellant's Brief at 2.[1]

▮ ¶ 4 Appellant first argues that the charges at 99 CR 899 should be dismissed pursuant to Pa.R.Crim.P. 600, which governs prompt trial requirements. Before we address Rule 600, we note that the Commonwealth moved to *nolle prosse* 99 CR 899 on April 2, 2001. Thus, the record reflects that the Commonwealth made it clear that there would not be a trial on those charges. For reasons not clear from the record, the trial court has not entered an order pursuant to the Commonwealth's motion.

¶ 5 Since the trial court has not ruled on the Commonwealth's *nolle prosse* motion, consideration of Appellant's Rule 600 motion is premature. If the trial court committed clerical error in neglecting to grant the Commonwealth's motion, then we believe that that error can and should be resolved without intervention from this Court. Accordingly, we vacate the trial court's order and remand for entry of an appropriate order regarding the Commonwealth's *nolle prosse* motion. The trial court should then either address Appellant's motion to expunge 99 CR 899 in accordance with the principles set forth below, or explain its denial of the Commonwealth's *nolle prosse* motion.[2]

▮ ¶ 6 Appellant next argues that various other charges should be expunged from his record because the Commonwealth *nolle prossed* them, the trial court dismissed them, or the jury found him not guilty. We will address the legal principles applicable to each of these situations in turn.

The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion.

*Commonwealth v. Lutz*, 788 A.2d 993, 996 (Pa.Super.2001) (citations and internal quotations omitted).[3]

¶ 7 First, we address the charges for which the jury acquitted Appellant.[4] In

1. The trial court did not order Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

2. In light of our disposition of this issue, we need not address Appellant's third argument.

3. A petition for expungement does not fall within the ambit of the PCRA, 42 Pa.C.S.A. §§ 9541–9546 and, therefore, we need not treat the instant petition as one filed under the PCRA. *Lutz*, 788 A.2d at 996 n. 7.

4. The record reflects that the jury found Appellant not guilty of counts 2 through 5 at number 99 CR 890 and count 1 of 99 CR 895.

*Commonwealth v. D.M.*, 548 Pa. 131, 695 A.2d 770 (1997), our Supreme Court held that a petitioner is automatically entitled to expungement of his arrest record where a case is terminated by a trial and acquittal. In *D.M.*, the defendant obtained a full acquittal on all charges. In *Commonwealth v. Maxwell*, 737 A.2d 1243 (Pa.Super.1999), we held that expungement is not precluded where the Commonwealth obtains a conviction on some but not all charges arising out of an arrest. In *Maxwell*, the defendant pled guilty to simple assault and indecent exposure pursuant to a plea agreement, and the Commonwealth *nolle prossed* charges of rape and sexual assault. *Id.* at 1244.

¶ 8 In the instant matter, Appellant was convicted on some but not all of the charges at docket numbers 99 CR 890 and 99 CR 895. Thus, we are faced with an issue that neither *D.M.* nor *Maxwell* addressed: Whether a defendant who proceeds to trial and obtains a partial acquittal is automatically entitled to a partial expungement of his record regarding the charges for which he is acquitted.

¶ 9 We conclude that we are bound by our Supreme Court's holding in *D.M.* The *D.M.* Court drew a clear distinction between charges that are terminated by reason of trial and acquittal and charges that are terminated for other reasons, such as *nolle prosse.* The Court reasoned:

A defendant enters a trial cloaked in the presumption of innocence and when the fact-finder reaches a verdict of acquittal, there is no justification to search for reasons to undermine the verdict. Such a defendant has achieved the strongest vindication possible under our criminal tradition, laws and procedures; we hold that he is entitled to expunction of the arrest record.

*D.M.*, 695 A.2d at 773.

¶ 10 We note, however, that the *D.M.* Court did not address the practical difficulties raised by the trial court in *Commonwealth v. Dobson*, 454 Pa.Super. 101, 684 A.2d 1073 (1996). In *Dobson*, we upheld the trial court's denial of expungement where the Commonwealth obtained convictions on some but not all of the charges. We quoted with approval from the trial court opinion:

As for the arrest under which appellant was charged with arson and found not guilty (C.P. No.: 80–06–1301) this Court is powerless to grant expungement because there are other charges stemming from the same arrest for which [defendant] was convicted. Therefore, this Court cannot rightfully order the expungement of all information pertaining to Appellant's arson charge because such information also serves as information for charges under which [defendant] was convicted.

*Id.* at 1075.

¶ 11 The *D.M.* Court was not confronted with these difficulties, inasmuch as the defendant had obtained a full acquittal. Further, we observe that in the 1999 case, *Maxwell*, we followed the 1998 case, *D.M.*, and expressly disapproved of the holding in the 1996 case, *Dobson*. *See, Maxwell*, 737 A.2d at 1244.

¶ 12 In light of the above, we conclude that the Commonwealth may avoid expungement in cases of partial acquittal only when it demonstrates to the trial court that expungement is impractical or impossible under the circumstances. Thus, we vacate the trial court's order and remand for reconsideration in light of the foregoing.

¶ 13 We next consider the charges the Commonwealth *nolle prossed* pursuant to an agreement with Appellant. Where *nolle prosse* is the reason for a termination

without conviction, the trial court is to analyze the case according to the factors set forth in a controlling statute [5] or in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981). *D.M.*, 695 A.2d at 773. Since no statute controls the instant case, we examine the *Wexler* factors.

¶ 14 *Wexler* provides that "if the Commonwealth *does* not bear its burden of proof beyond a reasonable doubt ... or admits that it is *unable* to bear its burden of proof ... the Commonwealth must bear the burden of proving why the arrest record should not be expunged." *Wexler*, 431 A.2d at 879 (emphasis in original). In each case, the court must "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's effort in preserving such records." *Id.* A non-exclusive list of the factors to be considered is as follows:

[T]he strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Id.*

¶ 15 Appellant relies on the 1999 case, *Maxwell*, in which the defendant pled guilty to simple assault and indecent exposure, and the Commonwealth *nolle prossed* the remaining charges. Appellant argues that *Maxwell* is controlling, and that we should at least remand for a hearing. The Commonwealth relies on the 2001 case, *Lutz*, in which the defendant sought to expunge charges that had been dismissed pursuant to a plea agreement.

¶ 16 *Lutz* included the following passage regarding the effect of a *nolle prosse:*

A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at any time be retracted to permit revival of proceedings on the original bill or information.... In this instance, the record does not reflect that the Commonwealth ever requested or received a *nolle prosequi* for [defendant]. In the instant case, the charges were dismissed, and the understanding of all parties was apparently that the charges could never be revived, which is quite a different situation than a *nolle prosequi* .... [F]rom our experience as both a criminal court and a prosecutor ... *nolle prosequi* has traditionally only been used in situations in which the Commonwealth finds it has insufficient evidence to proceed with prosecution. There is no such claim in this instance.

*Lutz*, 788 A.2d at 999 (citations and internal quotations omitted). In *Lutz*, we quoted with approval from the trial court's opinion denying expungement:

In this case, [defendant] clearly entered into a plea agreement.... As this Honorable Court is well aware, a plea agreement is quasi-contractual in nature and must be analyzed under the terms of contract law. In this instance the consideration received by the parties was that in return for [defendant's] guilty plea to the Aggravated Assault charge the Commonwealth would move to dismiss the remaining charges. Now after the agreement has been consummated, [defendant] apparently wishes to have part of the agreement destroyed; *i.e.*,

---

**5.** *See, e.g.,* Criminal History Record Information Act, 18 Pa.C.S.A. §§ 9101–9183. This statute is not controlling in the instant matter.

expungement of the dismissed charges would obliterate or seal any record of those charges and thus leave no accurate record of the contractual relationship entered into by [defendant] and the Commonwealth.

*Lutz,* 788 A.2d at 1000–1001.

¶ 17 We cannot conclude, on the record before us, that *Lutz* is controlling. In the instant matter, both parties assert in their briefs that there was a plea agreement between the Commonwealth and Appellant. The instant matter involves a plea of *nolo contendere* and *nolle prosse* of the charges, whereas *Lutz* involved a guilty plea and dismissal of the charges. In addition, the particulars of the agreement between Appellant and the Commonwealth are not clear from the record. Further, it is not the province of an appellate court to engage in fact finding. Moreover, we do not have the benefit of a detailed opinion from the trial court, as did our court in *Lutz.*

¶ 18 *Maxwell* makes clear that Appellant is at least entitled to a hearing. On remand, the trial court may consider the discussion in *Lutz* instructive in discerning the intent of the parties regarding the plea agreement. *See,* 788 A.2d at 999. The trial court is to engage in fact finding to determine whether expungement of the *nolle prossed* charges pursuant to a *nolo contendere* plea agreement is appropriate pursuant to *Maxwell, Lutz,* and *Wexler.* We will provide further remand instructions in our discussion of the record, below.

¶ 19 Next, we address the charges that the trial court dismissed for lack of evidence. Appellant is clearly entitled to a hearing to determine whether expunge-

ment of these charges is appropriate. *Maxwell.* Since these are not charges for which Appellant obtained an acquittal, the *Wexler* test will apply. Nonetheless, we believe the rationale of *D.M.* applies with great force where a trial court dismisses charges for lack of evidence. The *D.M.* Court wrote:

The problem is in attempting to apply the first factor of *Wexler*—the strength of the Commonwealth's case against the petitioner—after a trial which resulted in a verdict of acquittal. We regard it as improper to go behind a verdict of acquittal and purport to assess the strength of the prosecution's case.

*D.M.,* 695 A.2d at 772. Rarely, if ever, will charges dismissed for lack of evidence fail to qualify for expungement under *Wexler.*

¶ 20 Having concluded our discussion of the applicable legal principles, we now turn our attention to the record in the instant matter. This appeal encompasses a long list of criminal action numbers. The vast majority of the charges were arson related. We have already addressed the charges at 1999 CR 890 and 895, where Appellant was convicted of some but not all of the charges against him.

¶ 21 All remaining charges were arson related and a plea agreement disposed of them. How these charges were disposed of is the question. Both Rodland and the Commonwealth assert that certain charges were *nolle prossed,* although they do not agree which charges were *nolle prossed.*[6] Adding to the confusion, Rodland claims charges at numbers 897, 900, 901, 903, 906, 1109, 1110, 1111, and 1112 were dismissed for lack of evidence. The Commonwealth does not say anything about these cases being so dismissed. Further, the Com-

---

6. In his brief, Rodland claims numbers 899, 900, 904, 1107 and 1108 were *nolle prossed.*    The Commonwealth leaves out number 1108.

monwealth states numbers 892, 893, 898, 901, 905, 906, 910, 1108, and 1112 were disposed of through a *nolo contendere* plea. Numbers 891, 894, 896, 907, 908, 909, 912 and 913 were disposed of through an open plea. Finally, the Commonwealth tells us numbers 895, 897, 903 and 911 went to trial.

¶ 22 The official record in this matter was delivered to us in 16 parts. Generally, each part relates to a separate criminal action number. The official record reveals dispositions as follows: no disposition recorded—1109, 1110 and 1111; guilty plea—899, 900, 901, 904, 906, 1107, 1108, and 1112; and jury trial—890, 895, 897, 903.

¶ 23 Rather than belabor every case, a quick look at 1999 CR 1108 will exemplify our concern. Under this criminal action number, Rodland was charged with three counts of arson: 18 Pa.C.S. § 3301(c)(1), (d)(1), and (d)(2). The disposition of this matter appears to be by guilty plea. The docket indicates a *nolo contendere* colloquy form was filed on May 7, 2001. The form is not in the record. The docket does not inform us if Rodland pled guilty to one, two or all three counts. Because there is no colloquy form in the record, we cannot find that out for ourselves. Rodland claims that at least some of the charges were *nolle prossed*.

¶ 24 We point this out not to criticize the trial court (although the record keeping is less than desirous) but to highlight the need for clarity in this situation. If this Court is presented with three different possible dispositions for one criminal action number, we cannot properly assess the situation.

¶ 25 We therefore remand for a clarification of the record as much as a clarification of the reasons for the trial court decision. We cannot suggest strongly enough that all parties provide a comprehensive list of each criminal action number in question with the disposition of each charge contained therein. All *nolo contendere* forms need to be made part of the record. All sentencing materials, including transcripts of proceedings need to be made part of the record. These steps are essential to proper review of a case involving so many charges. We have received the record once in an all but indecipherable state and no purpose would be served if it returns to this Court the same way.

¶ 26 Therefore, we remand the case for a fuller explanation by the trial judge and a clarification and resubmission of the complete record. The trial court shall offer its opinion, as to each criminal action number, whether expungement is appropriate. The parties shall explain, as to each criminal action number, whether and on what grounds they oppose the trial court's determination.

¶ 27 Order vacated. Case remanded for further proceedings in accordance with this opinion. Panel jurisdiction retained.[7]

---

7. In the event that the parties do not oppose any of the trial court's determinations, the trial court may inform this Court via letter copied to all parties. Upon receipt of such letter, we will consider the matter resolved and we will relinquish jurisdiction.