COMMONWEALTH of Pennsylvania,
Appellee

v.

A.M.R., Appellant.

Superior Court of Pennsylvania.

Argued March 17, 2005.
Filed Nov. 30, 2005.

Terrence J. McGowan, Harrisburg, for appellant.

Charles F. Chenot, III, Asst. Dist. Atty., New Bloomfield, for Com., appellee.

Before: STEVENS, BOWES, and McCAFFERY, JJ.

McCAFFERY, J.

¶ 1 Appellant, A.M.R., appeals from the order denying the motion to expunge the record of his arrest after all charges against him were withdrawn. Specifically, Appellant asks us to determine whether the Commonwealth satisfied its burden to justify retention of the arrest record and whether that justification exceeded Appellant's interest in being free from the harm inherent in the retention. We hold that the hearing court looked to the wrong

party to carry the burden of proof and that the Commonwealth did not present sufficient evidence to justify retaining Appellant's arrest record. Accordingly, we reverse and remand for proceedings consistent with this opinion.[1]

¶ 2 The relevant facts and procedural history of this case are as follows. Appellant, a 24–year–old with a degree in Library Science, was employed as a high school librarian in the Susquenita School District for the 2003–2004 school year. In late July or August 2003, Appellant informed his "mentor" in the school district of an idea he had conceived to sell old issues of National Geographic magazine as a way to raise money to purchase computer equipment for the school library. The magazines belonged to the library and had been consigned to the trash. Appellant's mentor told him she thought the idea was "creative," and did not warn him against pursing it. Appellant pursued his plan and sold the magazines on the internet auction site eBay, raising approximately $325.00. Appellant then contributed $300.00 of his own money and used the total sum to purchase six used computers, also through eBay. Then, in accordance with his plan, he installed the computers at the school library, where they remain in use to this day.

¶ 3 On December 4, 2003, the school district made a complaint to the district attorney's office, as a result of which Appellant was charged with library theft[2] and misapplication of entrusted property and property of government or financial institutions.[3] In court for what was to be his preliminary hearing, Appellant agreed to resign as school librarian in consider-

---

1. Our disposition is buttressed by the Commonwealth's decision not to file a brief in this matter and its stated lack of opposition to the relief Appellant has requested.

2. 18 Pa.C.S.A. § 3929.1.

3. 18 Pa.C.S.A. § 4113(a).

ation of the District Attorney dropping the charges. Accordingly, the charges were withdrawn on January 9, 2004, and Appellant filed a motion to expunge his arrest record on March 17, 2004. At a hearing on the motion, Appellant testified to the above facts and the District Attorney offered a purely statutory argument as to why Appellant's record should not be wiped clean. The hearing court denied both Appellant's motion and a subsequently-filed motion to modify the court's order. This appeal followed, wherein Appellant raises the following issue for our review:

> DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN DENYING APPELLANT'S MOTION TO EXPUNGE ARREST RECORD, WHERE THE CHARGES WERE WITHDRAWN AND THE COMMONWEALTH DID NOT SATISFY ITS BURDEN TO JUSTIFY RETENTION OF THE ARREST RECORD, NOR DID ANY SUCH JUSTIFICATION EXCEED THE NEED OF APPELLANT TO BE FREE OF THE HARM ATTENDANT WITH [SIC] MAINTAINING THE ARREST RECORD?

(Appellant's Brief at 4).

¶ 4 We note our well-settled standard of review in cases involving a motion for expungement:

> The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion.

*Commonwealth v. Rodland,* 871 A.2d 216, 218 (Pa.Super.2005) (citing *Commonwealth v. Lutz,* 788 A.2d 993, 996 (Pa.Super.2001)).

¶ 5 Appellant argues that the hearing court erred in denying his motion to expunge because the court improperly found that the Commonwealth had satisfied its burden of showing why his arrest record should be retained. (Appellant's Brief at 12–14). We wholeheartedly agree.

¶ 6 "In this Commonwealth, there exists the right to petition for expungement of a criminal arrest record. This right is an adjunct of due process and is not dependent upon express statutory authority." *Carlacci v. Mazaleski,* 568 Pa. 471, 474, 798 A.2d 186, 188 (2002). In *Commonwealth v. Wexler,*[4] the seminal case on expungement hearings in the Commonwealth, our Supreme Court defined the responsibilities of a court as it decides whether to expunge an arrest record: "In determining whether justice requires expungement, the [c]ourt, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." Our Court has long recognized that the Commonwealth's retention of an arrest record, in and of itself, may cause serious harm to an individual. *See Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584, 588 (1976) (noting possible effects of maintaining an arrest record, including economic and non-economic losses and injury to reputation). Thus, where the Commonwealth has dropped the charges against a petitioner or otherwise has failed to carry its burden of proof beyond a reasonable doubt, the Commonwealth must bear the burden of showing why an arrest record should not be expunged. *Rodland,* 871 A.2d at 220.

¶ 7 After a thorough review of the record and the relevant law, it is our determination that the hearing judge committed

---

4. 494 Pa. 325, 329, 431 A.2d 877, 879 (1981).

an error of law when he determined that the Commonwealth had satisfied its burden in this case. Although we appreciate that the court intended to be mindful of the Commonwealth's burden, common sense and the certified record confirm that this burden was not met. Accordingly, we conclude that the hearing court abused its discretion when it denied Appellant's motion to expunge.

¶ 8 Before we consider exactly how the Commonwealth failed to satisfy its burden, we pause to note that the burden of proof in this hearing appears to have been totally misplaced. In its opinion, the hearing judge stated: "Whether the Commonwealth or the Appellant has the burden of proof in this case of going forward with evidence to support their respective positions hinges upon whether or not the Commonwealth has established a prima facie case against [Appellant] and could also convict [Appellant] at trial." (Hearing Court Opinion at 4). This is simply not an accurate statement of the law. To the contrary, when a charge is withdrawn or *nolle prosequied*, the burden is *always* upon the Commonwealth to demonstrate why an arrest record should be retained. *Commonwealth v. Maxwell*, 737 A.2d 1243, 1244 (Pa.Super.1999). "At a *Wexler* hearing, the Commonwealth bears the burden of affirmatively justifying retention of the arrest record [whether] it did not, could not, or [chose] not to bear its burden of proof beyond a reasonable doubt at trial." *Lutz*, 788 A.2d at 999.

¶ 9 From our review, it is evident that the hearing court failed to appreciate where to properly allocate the burden of proof at a *Wexler* hearing. If he had, we are confident the learned judge would have required that the Commonwealth present *some* evidence in support of its contention that societal interests in retaining Appellant's arrest record outweighed the clear harm to Appellant. We do not believe any court is capable of faithfully "balanc[ing] the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records" while looking to the wrong party to carry the burden of proof. *See Wexler, supra.*

¶ 10 Appellant, however, has only challenged whether the burden was satisfied, not whether the burden was misplaced. Thus, we will proceed with our analysis of whether the hearing court erred in finding the Commonwealth's burden satisfied. We are confident that if the court had placed the burden of proof on the correct party in this case, it would have found that the injury inherent in keeping a withdrawn charge of library theft on a 24–year–old school librarian's record far outweighed any possible interest the Commonwealth could have in retaining such information.

¶ 11 In *Wexler*, our Supreme Court set forth a non-exclusive list of the factors a court should examine in determining whether the Commonwealth has satisfied its burden of demonstrating why an arrest record should be retained:

> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.

*Wexler*, 494 Pa. at 330, 431 A.2d at 879.

¶ 12 A correct assessment of these factors compels the conclusion that the hearing court manifestly abused its discretion by finding that the Commonwealth had successfully carried its burden of proof.

We will address the factors *seriatim*. As to the first factor, the hearing court found persuasive the fact that the Commonwealth came to court prepared to prosecute a case of library theft. We believe the hearing court overemphasized the importance of this fact. That the Commonwealth was prepared to present a *prima facie* case is not dispositive of the issue of expungement. *See id.* at 330, 431 A.2d at 880. The other factors must still be considered and weighed, and in this case, the other factors present compelling reasons to expunge. With regard to the second factor, the court found the Commonwealth wanted to retain the record so future employers would be aware of Appellant's defective character. That this Court finds no such defect is irrelevant. It is relevant, however, that the Commonwealth made no such argument at the expungement hearing. The two reasons for retention that the Commonwealth did present were (1) a statutory argument and (2) the assertion that retention would assist with any future attempts by police to build a case against Appellant. Specifically, the Commonwealth argued that under Section 9121(b)(2) of Title 18,[5] the police department is already required to extract notations of arrests where three years have

elapsed, no conviction has occurred, and no proceedings are pending seeking a conviction, prior to its dissemination of an individual's criminal history to an employer. Therefore, according to the Commonwealth, Appellant need only wait the three years set forth by the legislature and his arrest record would automatically be expunged. (Expungement Hearing Notes of Testimony, 7/16/04, at 14–17; R.R. at 22a–25a). Neither argument has merit.

¶ 13 The statutory argument is inapposite and actually meaningless: although it is true that most employers have no access to a record of a prior arrest after three years have elapsed, Appellant's arrest record would always be available to any school districts to which he might apply for future librarian positions under the § 9121(b.1) exception. (*See* footnote 5, *supra*). Thus, the statutory exception refutes one of the Commonwealth's main reasons for originally opposing Appellant's expungement request. The "future case" argument is similarly unpersuasive: the Supreme Court in Wexler expressly rejected the argument that a general interest in maintaining an arrest record overrides the individual's interest in expungement. *Id.* The only other factor to consider is the fourth, as the hearing court concedes that

---

5. Section 9121 provides in relevant part:

(b) **Dissemination to noncriminal justice agencies and individuals.**—Criminal history record information shall be disseminated by a State or local police department to any individual or noncriminal justice agency only upon request. Except as provided in subsection (b.1):

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;

(2) Before a State or local police department disseminates criminal history record information to an individual or noncriminal justice agency, it shall extract from the record all notations of arrests, indictments or other information relating to the initiation of criminal proceedings where:

(i) three years have elapsed from the date of arrest;

(ii) no conviction has occurred; and

(iii) no proceedings are pending seeking a conviction.

(b.1) **Exception.**—Subsection (b)(1) and (2) shall not apply if the request is made by a county children and youth agency or the Department of Public Welfare in the performance of duties relating to children and youth under the act of June 24, 1937 (P.L. 2017, No. 396), known as the County Institution District Law, section 2168 of the act of August 9, 1955 (P.L. 31, No. 21), known as the Public Welfare Code, 23 Pa.C.S. Ch. 63 (relating to child protective services) or 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S.A. § 9121.

the third and fifth factors weigh in favor of expunction.[6] Consideration of the fourth factor makes it plain that the Commonwealth failed to carry its burden. The hearing court found that a period of four months between the filing of the complaint and the filing of the motion to expunge was too short a period of time to warrant expungement. The Commonwealth, however, had made no such argument at the *Wexler* hearing. Moreover, *Commonwealth v. Drummond,*[7] the case which the hearing judge cites as authority for requiring that a longer period of time elapse between an arrest and a possible expungement is readily distinguishable on its facts. In *Drummond,* a battered wife was too frightened to testify against her abusive husband, and the assault charges the husband had been arrested on were dropped. The court held two years, specifically the applicable statutory period, was an appropriate period to wait before expunging the arrest **so that the Commonwealth might have the opportunity to refile charges should the wife decide to testify at a later date.** *Id.* at 1114.

¶ 14 The case *sub judice* presents dramatically different facts. The Commonwealth presented no evidence that the school district ever contemplated pressing charges against Appellant at a later date. Moreover, the arrest is having deleterious effects right now, as evidenced by Appellant's testimony that he has not been able to obtain work as a school librarian or even secure an interview for same since the arrest.

¶ 15 Viewed in the context of the *Wexler* factors, it is apparent to this Court that the Commonwealth did not carry its burden of proof in this matter. Further, as we noted above, the burden of proof appears to have been totally misplaced. As common sense and case law demand, we hold that these errors constitute an abuse of discretion. Although perhaps hasty and not "cleared" sufficiently through the proper channels, we believe Appellant's actions demonstrate the creativity and altruism so vital to our public schools. It is our desire that this case not reinforce the adage "No good deed goes unpunished." Accordingly, we reverse the order denying Appellant's motion to expunge and remand for proceedings consistent with this opinion.

¶ 16 Order reversed. Case remanded for expungement of arrest record. Jurisdiction relinquished.

---

6. In light of hearing court's statement conceding that retention of the arrest record will lead to "severe difficulty [for Appellant in] obtaining employment as a School Librarian or [in] a related teaching position ...", its denial of the motion for expungement is all the more baffling.

7. 694 A.2d 1111 (Pa.Super.1997).