J-S65041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMINA M. BRODIE | : | |
| | : | |
| Appellant | : | No. 858 MDA 2018 |

Appeal from the Order Entered April 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0000608-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMINA M. BRODIE | : | |
| | : | |
| Appellant | : | No. 859 MDA 2018 |

Appeal from the Order Entered April 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0000609-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMINA M. BRODIE | : | |
| | : | |
| Appellant | : | No. 860 MDA 2018 |

Appeal from the Order Entered April 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0000610-2018

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED FEBRUARY 05, 2019**

Amina M. Brodie appeals from the order denying her petitions for expungement. We vacate and remand for proceedings consistent with this memorandum.

In 2015 and 2017, Brodie was charged with simple assault[1] on each of the three above-listed docket numbers. Each of these charges was dismissed by a magisterial district justice. On April 19, 2018, Brodie filed three petitions seeking expungement for the dismissed charges pursuant to Pa.R.Crim.P. 790 and 18 Pa.C.S.A. § 9122. The court denied the petition on April 23, 2018, stating that Brodie was ineligible for expungement because she has not been free from criminal prosecution for five years, citing 18 Pa.C.S.A. § 9122(b)(3)(i). Brodie filed a motion for reconsideration. The court ordered the Commonwealth to respond to the motion, but before it did so, Brodie filed the instant appeal, on May 23, 2018. **See** Pa.R.A.P. 1701(b)(3) (providing 30-day period for filing appeal will only toll upon trial court's express grant of reconsideration motion). The next day, the Commonwealth filed an Answer stating that it did not oppose expungement.

In lieu of filing a Rule 1925(a) opinion, the court filed a statement asserting that "[a]fter further review of the above-captioned matter, this Court does not oppose the petition for expungement. To the extent possible, this Court requests that the above-captioned matter be remanded with leave to

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

- 2 -

grant the petition for expungement or in the alternative that the relief requested by [Brodie] be granted." Statement in Lieu of Memorandum Opinion, filed June 25, 2018, at 1.

Brodie raises the following issue:

Whether the trial court erred as a matter of law when it denied [Brodie]'s Petitions to Expunge based upon its determination that [Brodie] had to be free from arrest or prosecution for a five-year period in contravention of 18 Pa.C.S.[A. § ]9122, which does not impose such requirement on the non-conviction data for which the [Brodie] sought expungement.

Brodie's Br. at 4. In lieu of a brief, the Commonwealth filed a letter stating that it "does not intend to argue against the relief that [Brodie] seeks in her direct appeal. The Commonwealth agrees with the trial court that this matter should be remanded with leave to grant [Brodie]'s petitions for expungement or in the alternative that the relief requested by [Brodie] be granted." Letter, 8/21/18, at 1. We review the court's ruling on a petition for expungement for an abuse of discretion. *Commonwealth v. Rodland*, 871 A.2d 216, 218 (Pa.Super. 2005).

The trial court denied Brodie's petition for expungement based upon 42 Pa.C.S.A. § 9122(b)(3). This subsection provides that criminal history may be expunged where the expungement is for the conviction of a summary offense and the petitioner has been free of conviction or arrest for five years subsequent to the summary conviction. *See* 42 Pa.C.S.A. § 9122(b)(3). As the trial court has since realized, this section has no application in the instant case, where the petition requests expungement of charges which did not result

- 3 -

in convictions. We therefore agree with Brodie, the Commonwealth, and the trial court, that the case should be remanded for consideration of Brodie's petition under the appropriate standard. ***See Commonwealth v. Moto***, 23 A.3d 989, 993 (Pa. 2011) ("When a prosecution has been terminated without conviction or acquittal," trial court is required "to 'balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records'" (quoting ***Commonwealth v. Wexler***, 431 A.2d 877, 879 (Pa. 1981)); ***see also Rodland***, 871 A.2d at 221 ("Rarely, if ever, will charges dismissed for lack of evidence fail to qualify for expungement under ***Wexler***").

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019