J-S19024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEVI RUDY TROYER JR. :
:
Appellant : No. 1080 WDA 2020

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000692-2005

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED: August 18, 2021**

Because the Commonwealth did not meet its burden of proving that Levi Rudy Troyer Jr. (Troyer) lost the right to have his charges expunged, I respectfully dissent. According to **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001), and **Commonwealth v. Hanna**, 964 A.2d 923, 929 (Pa. Super. 2009), expungement was properly denied *only* if the trial court first ascertained from the record that (a) the Commonwealth could have proven that Troyer committed the dropped counts, and (b) Troyer validly waived the right to seek expungement of the dropped counts as a condition of his plea. The trial court made neither finding, so it erred in denying expungement

---

[*] Retired Senior Judge assigned to the Superior Court.

without addressing the factors outlined in **Commonwealth v. Wexler**, 431 A.2d 877 (Pa. 1981).

The Commonwealth laid a sparse record concerning the circumstances of Troyer's plea negotiation. In 2004, when he was 19, Troyer and his 17-year-old friend broke into a storage shed at a campsite to take two quad bikes, fishing equipment and some tools. Police soon thereafter arrested the two young men, and Troyer was charged with burglary, criminal conspiracy, theft by unlawful taking and criminal mischief. Troyer had a prior record score of zero.

In 2005, Troyer negotiated with the Commonwealth to plead guilty to the theft count. The plea form shows that the "remaining" counts were "dismissed," but the form does not indicate why dismissals were entered. The record contains no transcript of the plea colloquy, no stipulated facts supporting the guilty plea to theft, and no clarification of any sort as to the understood significance of a dismissal for the purposes of expungement. Troyer petitioned to expunge the remaining charges from his record 14 years after his plea was entered and the petition was denied.[1]

---

[1] The Criminal History Record Information Act provides that "[c]riminal history record information shall be expunged in a specific criminal proceeding when . . . a court order requires that such *nonconviction* data be expunged[.]" 18 Pa.C.S. § 9122 (emphasis added).

The trial court and the majority found it proper to deny Troyer's request on the ground that *Lutz* bars expungement as a matter of law when charges are dismissed as part of a guilty plea, even if the *Wexler* factors for expungement are satisfied. I disagree with the majority because *Lutz* does not restrict a trial court's discretion to grant expungement in that manner. Rather, it holds that denying expungement can be appropriate if the record establishes that doing so would enforce a negotiated term of a plea agreement.

We explained in *Lutz* that a negotiated plea is sometimes analogous to a contractual arrangement wherein a defendant may plead guilty in exchange for the dismissal of charges that could otherwise be proven if taken to trial. A defendant might be induced to enter the agreement with "the understanding of all parties . . . that the [dismissed] charges could never be revived." *Lutz*, 788 A.2d. at 999. The *Lutz* panel reasoned, then, that if a defendant could seek expungement after waiving it pursuant to a plea agreement, he would "receive more than he bargained for." *Id*. at 1001. The trial court's denial of expungement was affirmed because it enforced the bargain struck between the defendant and the Commonwealth.

It was critical to the *Lutz* holding that the Commonwealth was "fully prepared to proceed against [the defendant] on all charges at trial, and [the defendant] admit[ted] to facts that could essentially constitute culpability for the dismissed charges." *Id*. *Lutz*, therefore, rests on a distinction between

a charge being *nolle prossed* for lack of sufficient evidence and a provable charge being dismissed purely as consideration for the defendant's plea on another count. ***See generally id***.

Subsequently, in ***Hanna***, we found that ***Lutz*** did not preclude expungement when the Commonwealth had failed to produce the contractual plea terms that were at issue. The record contained no transcript of the plea colloquy, no sworn testimony regarding the plea, and no "clear recitation of the agreement, if any, between Appellant and the Commonwealth." ***Hanna***, 964 A.2d at 928. The Commonwealth also failed to show it could have proven the dropped charges. ***See id***. Accordingly, we held in ***Hanna*** that the Commonwealth had not carried its heavy burden of proving with "clear and convincing evidence that ***Lutz*** applies." ***Id***.

The facts in this case, like in ***Hanna***, do not preclude expungement. Troyer pleaded guilty to theft, and the predicate facts needed to prove that that offense did not establish the commission of the other charged counts (burglary, criminal conspiracy to commit burglary and criminal mischief). Again, as in ***Hanna***, the Commonwealth did not identify any evidence it could have used to prove Troyer's guilt of the dropped offenses. Moreover, there is no evidence that Troyer and the Commonwealth agreed that those dismissed counts could never be revived or that Troyer would forever be precluded from expunging the dismissed counts from his record as a condition of the plea.

By misconstruing **Lutz** and denying expungement on these facts, the trial court improperly relieved the Commonwealth of its heavy burden of affirmatively justifying why Troyer's petition to expunge his arrest record should be denied. **See Hanna**, 964 A.2d at 929 (holding that the Commonwealth must prove **Lutz** applies with "clear and convincing evidence"); **see also Commonwealth v. A.M.R.,** 887 A.2d 1266 (Pa. Super. 2005) (the Commonwealth "always" has the burden "to demonstrate why an arrest record should be retained.") (citing **Commonwealth v. Maxwell**, 737 A.2d 1243, 1244 (Pa. Super. 1999)). To remedy that abuse of discretion, I would vacate the trial court's order and remand for a **Wexler** hearing at which the Commonwealth would bear the burden of showing by clear and convincing evidence why expungement is improper.

Accordingly, I respectfully dissent.[2]

---

[2] While not central to my dissent, I fully agree with the concurrence in **Hanna**, in which Judge Klein explained why distinguishing a *nolle prosequi* and a dismissal of charges is inconsistent with binding precedent, as well as "the real world of a criminal courtroom[.]" 964 A.2d at 929 (Klein, J., concurring) (discussing **In re Pflaum**, 451 A.2d 1038 (Pa. Super. 1982); **Commonwealth v. D.M.,** 695 A.2d 770 (Pa. 1997); **Commonwealth v. Rodland**, 871 A.2d 216 (Pa. Super. 2005); and **Commonwealth v. A.M.R.**, 887 A.2d 1266 (Pa. Super. 2005)).

Further, barring expungement in the manner contemplated by the majority would seem to violate the notice requirements attached to waivers of constitutional rights, including the expungement of nonconviction data. **See A.M.R.,** 887 A.2d at 1268 (expungement is "an adjunct of due process"). Unless it is shown that a defendant was given notice of that right, waiver at the plea stage is invalid. **See Commonwealth v. Scarborough**, 421 A.2d

147 (Pa. 1980) (holding that when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that waiver was knowing, intelligent, and voluntary).  This is true whether a count is *nolle prossed* or dismissed because there is no constitutional or statutory basis for that distinction.  ***See e.g.***, 18 Pa.C.S. § 9122 (allowing expungement of nonconviction data as to any type of final disposition); ***Id***. at § 9122.2(a)(2) (recent Clean Slate legislation mandating "limited access" of criminal history record information as to charges resulting in "any final disposition other than a conviction"); ***Id***. at § 9102 (including "charge dismissed" in the definition of a final disposition).