548 Pa. 131 (1997)
695 A.2d 770
COMMONWEALTH of Pennsylvania, Appellant,
v.
D.M., Appellee.
Supreme Court of Pennsylvania.
Argued October 18, 1996.
Decided May 21, 1997.
*132 Catherine Marshall, Michael Erlich, Hugh J. Burns, Jr., Philadelphia, for Commonwealth.
John W. Packel, Owen W. Larrabee, Philadelphia, for D.M.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

OPINION OF THE COURT
FLAHERTY, Chief Justice.
Appellee, a schoolteacher, was tried for indecent assault and corrupting the morals of a minor, and acquitted in a bench trial in the Philadelphia municipal court. He petitioned for expunction of his arrest record, which was granted by the court of common pleas. The Superior Court questioned the authority of Commonwealth v. Wexler, 494 Pa. 325, 330, 431 A.2d 877, 879 (1981), and affirmed the order of expungement on other grounds. We allowed this appeal to review the Superior Court's application of Wexler and to examine the *133 question of expungement of an arrest record in the context of an acquittal at trial.
The record of appellee's bench trial in the municipal court discloses the following facts. Appellee, D.M., was employed as a substitute music teacher at a middle school in the Philadelphia school district. On February, 21, 1992, an incident occurred between appellee and a student. During the first period of the day, appellee was assigned a class consisting of students with disciplinary, social, and academic problems. During the first period, four students volunteered to assist appellee in cleaning and straightening up the classroom and office during a later period. The complainant, an eleven-year-old girl, and three other students arrived in the classroom during the third period. When they arrived, appellee was seated in his office, which had a door to the classroom and a large window which formed part of the wall between the office and the classroom. Appellee assigned the complainant to straighten up papers in his office while the other girls were to straighten up the classroom. Seated at his desk, appellee could see the girls in the classroom behaving disruptively, so he got up, passed behind the complainant in the two feet of space between the desk and the wall, and entered the classroom to control the girls.
The complainant testified that appellee touched her breast area and pushed up against her buttocks with his erect penis for several seconds when he left the office. She also testified that he apologized at the end of the class period, asking her not to mention it to anyone because he needed his job. Appellee testified categorically that he did not touch the girl inappropriately, and that he inadvertently bumped into her with his left hip on the way out of the office because the space was so confined. He testified that he thought nothing of it because his attention was focused on the girls misbehaving in the classroom. Only later in the period, when the complainant told him, "What you did was wrong," did he remember the incident and apologize. The defense called seven character witnesses who testified that appellee had a reputation for veracity and for being a law-abiding citizen.
*134 After hearing closing arguments by counsel, the court delivered the following verdict:
The court finds this case most difficult. Independently I find each witness to be credible. You can say how can he do that? Well, I'm impressed with both witnesses. Even though there is of course divergence in some of the story. The standard is beyond a reasonable doubt. I realize both witnesses are of a credible nature. The law is that character witnesses alone can create a reasonable doubt. And in this case a deciding factor [is] the character witnesses who have created a reasonable doubt in my mind. Therefore, I find you not guilty.
A month after this acquittal, appellee petitioned the court of common pleas to expunge his arrest record. Following a hearing, the court granted the petition. The court stated:
I am going to grant it. He was found not guilty at trial. The defendant was found not guilty at trial after a full trial. We don't know the reason for this not guilty, presumably it's because the Commonwealth witnesses were not believed. The Commonwealth had an opportunity to fairly address the issue in the case, factual issue, present them and they had their day in court. A full day in court and there was a resolution by the finding of the not guilty. There is nothing else remaining other than the fact that there is an allegation which has been proven  not been proven rather, not been proven which is what this country is all about.
In its written opinion in support of the expungement order, the court quoted the factors set forth in Commonwealth v. Wexler, 494 Pa. 325, 330, 431 A.2d 877, 879 (1981). The court held that the Commonwealth did not sustain its burden of overcoming appellee's interest in expungement following his acquittal. Part of its reasoning was: "The stigma of an arrest for indecent assault and corrupting the morals of a minor is uniquely disproportionate to the [ease] with which such an accusation can be made." Slip op. at 6, October 13, 1993.
On appeal, the en banc Superior Court affirmed the expungement order. Commonwealth v. D.M., 444 Pa.Super. *135 299, 663 A.2d 792 (1995). The Superior Court's application of Wexler, supra, is not entirely clear. In discussing Wexler, the court stated:
While it is true that Wexler espouses a balancing test that in some cases would include some reconsideration of the "strength of the Commonwealth's case" and other trial factors, several aspects of the decision deserve consideration. 1) Wexler was dealing with expunction of records of petitioners whose criminal liability was extinguished by nol pros and not, as here, by acquittal at trial. 2) The approved language by Judge Spaeth in Iacino was from a concurring opinion with one joinder[[1]] and was also from a case where non-culpability was not established by verdict (nolle prosse after suppression of evidence).
. . . . We must be mindful that the law offers no greater absolution to an accused than acquittal of the charges, and that expunction of an arrest record, after being found not guilty, is not a matter of judicial clemency. Under these circumstances, the courts should not undertake to carve out exceptions to the basic proposition that expunction should follow acquittal.
Commonwealth v. D.M., 444 Pa.Super. at 303-04, 663 A.2d at 794. We reiterate the authority of Wexler and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.
Wexler set forth relevant factors, neither an exclusive nor an exhaustive catalogue, for an expungement court to consider:

*136 These include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.
Commonwealth v. Iacino, 270 Pa.Super. at 358, 411 A.2d at 759, quoted in Wexler, 494 Pa. at 330, 431 A.2d at 879.
The Superior Court opinion in this case distinguished the Wexler decision on the basis that Wexler involved the termination of a prosecution by nol pros, whereas this case involved an acquittal by the fact-finder following a trial. This court has never addressed an expungement in the context of an acquittal. We hold, in agreement with the reasoning of the Superior Court, that the Wexler balancing is unnecessary, indeed inappropriate, when a petitioner has been tried and acquitted.
The problem is in attempting to apply the first factor of Wexler  the strength of the Commonwealth's case against the petitioner  after a trial which resulted in a verdict of acquittal. We regard it as improper to go behind a verdict of acquittal and purport to assess the strength of the prosecution's case. A defendant enters a trial cloaked in the presumption of innocence and when the fact-finder reaches a verdict of acquittal, there is no justification to search for reasons to undermine the verdict. Such a defendant has achieved the strongest vindication possible under our criminal tradition, laws, and procedures; we hold that he is entitled to expunction of the arrest record.
All the factors listed in Wexler, and similar additional considerations,[2] should be evaluated in expunction cases which *137 are terminated without conviction for reasons such as nolle prosequi or ARD. In cases of acquittal, however, we hold that a petitioner is automatically entitled to the expungement of his arrest record.
The order of the Superior Court is affirmed.
NEWMAN, J., files a dissenting opinion which is joined by CASTILLE, J.
NEWMAN, Justice, dissenting.
I respectfully disagree with the Majority Opinion that a petitioner is automatically entitled to the expungement of his or her arrest record following an acquittal. Instead, I would apply the balancing factors set forth in Commonwealth v. Wexler, 494 Pa. 325, 431 A.2d 877 (1981), even for an acquittal. Here, after weighing the Commonwealth's interest in preserving Appellee D.M.'s arrest record and his interest in expungement, I would deny his request for expungement. Therefore, I respectfully dissent.
With regard to expungement, the Criminal History Record Information Act (the Act), 18 Pa.C.S. § 9101 et seq., provides in part:
(a) Specific proceedings.  Criminal history record information shall be expunged in a specific criminal proceeding when:
(1) No disposition has been received or, upon request for criminal history record information, no disposition has been *138 recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement; or
(2) A court order requires that such nonconviction data be expunged.

(b) Generally.  Criminal history record information may be expunged when:
(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or
(2) An individual who is the subject of the information has been dead for three years.

* * *
(f) District attorney's notice.  The court shall give ten days prior notice to the district attorney of the county where the original charge was filed of any applications for expungement under the provisions of (a)(2).
18 Pa.C.S. § 9122 (emphasis added).
Thus, although the statute strictly limits expungement of records following a conviction, 18 Pa.C.S. § 9122(b)(1),(2), it provides no guidelines for expungement of nonconviction data. However, by permitting expungement of nonconviction data pursuant to a court order, 18 Pa.C.S. § 9122(a)(2), the legislature contemplated judicial review of expungement requests where the prosecution results in an acquittal. If, as the Majority proclaims, expungement is automatic upon acquittal, judicial review of expungement petitions, as expressly provided in the Act, is reduced to a mere formality in the case of an acquittal.
Also, a rule of automatic expungement following an acquittal is inconsistent with our decision in Wexler, in which this Court held that:

*139 [i]n determining whether justice requires expungement, the Court in each particular case, must balance the individual's right to be free from the harm attendant to the maintenance of the record against the Commonwealth's interest in preserving such records . . . .
Wexler, 494 Pa. at 329, 431 A.2d at 879 (emphasis added). We clarified that if, in the underlying prosecution, "the Commonwealth does not bear its burden of proof beyond a reasonable doubt . . . or admits that it is unable to bear its burden of proof . . . the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." Id. at 331, 431 A.2d at 880 (emphasis added). Wexler thus anticipated that where, as here, a defendant was acquitted because the Commonwealth failed to establish the charges beyond a reasonable doubt, the Commonwealth may successfully defeat expungement by proffering compelling evidence justifying the retention of the arrest record. Expungement is not, therefore, automatic in the case of an acquittal pursuant to Wexler. See, e.g., Commonwealth v. Dobson, 454 Pa.Super. 101, 684 A.2d 1073 (1996); Commonwealth v. Butler, 448 Pa.Super. 582, 672 A.2d 806 (1996); Commonwealth v. Rank, 312 Pa.Super. 572, 459 A.2d 369 (1983).
The factors, outlined in Wexler, that courts should consider in determining each party's respective interests include: (1) the strength of the Commonwealth's case against the petitioner; (2) the reasons given by the Commonwealth for retaining the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time that has elapsed between the arrest and the petition to expunge; and (5) the specific adverse consequences that the petitioner may endure should expungement be denied. Id. at 330, 431 A.2d at 879.
Applying these factors in Wexler, we ordered expungement of the petitioner's arrest record where, in the underlying action, the trial court granted the prosecution's petition to nol pros the informations against him. Specifically, in that case, Martin Wexler and his minor daughter were arrested following *140 a search of his residence that disclosed the presence of marijuana and drug paraphernalia in his daughter's bedroom. After his daughter entered into a consent decree on the drug charges lodged against her, the Commonwealth filed a petition to nol pros the charge of corrupting a minor lodged against him. The Commonwealth averred in its petition that Wexler's activities "will not give rise" to the charge pending against him. Id. at 330, 431 A.2d at 880. The court granted the Commonwealth's petition. Wexler then filed a petition to expunge his arrest record. At the expungement hearing, the assistant district attorney stated that "we felt that we could not prove . . . [Wexler] at this time guilty beyond a reasonable doubt. . . ." Id. We concluded that these circumstances placed a heavy burden on the Commonwealth to justify retention of his arrest record. The Commonwealth however, failed to advance any reason, beyond its suggestion that Wexler should have known of his daughter's drug dealing, in support of retaining his record. We emphasized that the Commonwealth failed to provide any analysis of Wexler's particular case or cite any special facts justifying retention of the record. Therefore, we held that the Commonwealth did not meet its burden of showing why retention of the arrest record was necessary.
In contrast, I believe that the Commonwealth met its burden of establishing a compelling law enforcement interest in retaining Appellee's arrest record here. Appellee is a substitute school teacher who was accused of indecent assault and corrupting the morals of an eleven-year-old female student. Although the charges remained unproven at trial, Appellee never challenged the validity of his arrest on those charges. Further, and more significantly, the trial court found the complainant to be credible. R.R. at 89a. She testified that Appellee pressed his penis up against her backside as she bent over arranging papers on his desk. R.R. at 25a. This alleged sexual contact occurred while the complainant was alone with Appellee, cleaning his office, pursuant to his request. Persuaded, however, by the testimony of Appellee and his character *141 witnesses, the trial court found that the Commonwealth had not established the charges beyond a reasonable doubt.
Although an acquittal is the strongest exoneration available to an accused pursuant to our criminal laws, I do not believe that it mandates expungement in this case. Because the trial court credited the complainant's testimony, it cannot be said that the Commonwealth lacked a strong case. Additionally, as of this appeal, the School District of Philadelphia still employs Appellee. As argued by the Commonwealth, Pennsylvania has a powerful interest as parens patriae in protecting the welfare of minors generally, and particularly when those children are in attendance at public schools. The general public places great trust in public school teachers, who like Appellee, exercise extraordinary control over their students during school hours. It is in society's best interest to make available to a school district any information that may indicate the propensity of an employee or potential employee to commit serious crimes against minor students. This interest is particularly strong in the case of alleged sexual abuse, which when unaccompanied by physical evidence, as here, is entirely dependent upon credibility determinations.
As previously stated, the trial court found the complainant's allegations of sexual abuse credible, but ultimately found the Commonwealth had not proven the charges beyond a reasonable doubt. However, with his arrest record expunged, Appellee is free to seek employment elsewhere in the Commonwealth without any additional scrutiny or oversight.[1] Moreover, if he is ever again accused of sexual misconduct, law enforcement authorities will discover an unblemished record. Should a future charge of sexual misconduct allege similar behavior, the authorities will have no basis to evaluate a possible modus operandi. See, e.g., Commonwealth v. McKee, 357 Pa.Super. 332, 516 A.2d 6 (1986), allocatur denied, *142 515 Pa. 575, 527 A.2d 537 (1987)(denying expungement following acquittals of rape and related charges).
Conversely, I can discern no real harm to Appellee attendant to the retention of his arrest record. Because Appellee filed his petition to expunge only one month after his acquittal, he severely inhibits review of his post-arrest history to determine whether expungement is warranted. See Commonwealth v. Persia, 449 Pa.Super. 332, 673 A.2d 969 (1996)(sixteen-month lapse of time between arrest on child sex abuse charges and expungement petition, following nol pros of charges, mitigates against expungement notwithstanding absence of prior or subsequent arrest record).[2] However, the most salient feature of Appellee's post-arrest circumstances is his continued employment as a school teacher. Thus, despite the presumed stigma of a criminal arrest, the retention of *143 Appellee's arrest record has not impeded his pursuit of a livelihood. Moreover, contrary to Appellee's assertion, a denial of expungement will not forever "shackle" him to unproven charges of indecent assault and corrupting the morals of a minor. The Criminal History Record Information Act provides ample protection against unwarranted dissemination of his arrest record to noncriminal justice agencies and individuals. Specifically, the Act precludes law enforcement authorities from disseminating to such parties information relating to criminal proceedings where three (3) years have elapsed from the date of arrest, no conviction has occurred, and no proceedings seeking a conviction are pending. 18 Pa.C.S. § 9121(b)(2). Further, when determining an application for licensing, certification, registration or permission to engage in a trade, profession or occupation, no Commonwealth board or department may consider records of an arrest that did not result in a conviction. 18 Pa.C.S. § 9124. Any person or agency who violates these strictures is subject to sanctions including administrative discipline and civil penalties. 18 Pa. C.S. §§ 9181, 9183.
Where Appellee continues in his employment as a public school teacher despite a credible accusation of indecent assault by a minor student, and the Criminal History Record Information Act severely limits the dissemination and use of his arrest record, I would deny his petition for expungement.
CASTILLE, J., joins in this dissenting opinion.
NOTES
[1] Although we agree generally with the Superior Court's opinion in this case, we expressly disagree with that portion of the opinion which suggests that Wexler may be less than authoritative because it quoted a concurring opinion in Commonwealth v. Iacino, 270 Pa.Super. 350, 411 A.2d 754 (1979). Although a concurring opinion with only one joinder does not bind the Superior Court, its precedential effect changes when it is expressly approved by this court. This court is free to adopt the reasoning set forth in any opinion by any judge in any court in any jurisdiction, whether written for a majority, a concurrence, or a dissent; when we do so, the source becomes irrelevant and the precedent is binding on all courts in the Commonwealth.
[2] The consequences of retention of an arrest record may be affected by the provisions of the Criminal History Record Information Act, 18 Pa.C.S. § 9101 et seq., effective January 1, 1980. This statute may affect the balancing of interests pertaining to expungement. The statute provides some, but not all, of the protection petitioners seek through expungement of arrest records.

For instance, 18 Pa.C.S. § 9121(b)(2) forbids criminal history record-keeping agencies from disseminating to an individual or noncriminal justice agency any record of an arrest which did not result in a conviction if it is more than three years old. Title 18 Pa.C.S. § 9124(b)(1) forbids licensing and certification boards from even considering arrests not resulting in convictions, regardless of their age, when acting on an application for a license, certificate, or permit. Title 18 Pa.C.S. § 9125 forbids any employer from denying employment on the basis of an arrest not resulting in conviction. Title 18 Pa.C.S. §§ 9181 and 9183 provide sanctions for violation of the statute, including administrative discipline, injunctive relief, actual damages, attorney's fees, costs of litigation, and punitive damages.
These protections in the criminal history record statute may reduce the adverse effect of retaining an arrest record in some cases.
[1] As discussed below, law enforcement authorities, however, are not permitted to disseminate an arrest record to prospective employers more than three (3) years after an arrest not resulting in a conviction. 18 Pa.C.S. § 9121(b)(2).
[2] In Persia, a male child victimized by an adult male was unable to testify at trial concerning the sexual molestation he suffered at the hands of the defendant. Accordingly, the Commonwealth nol prossed the charges. At the defendant's subsequent expungement hearing, the Commonwealth presented expert testimony indicating an extremely high rate of recidivism among homosexual pedophilic offenders. In affirming the trial court's denial of expungement, the Superior Court stated:

[T]he length of time that has elapsed between the arrest and the petition to expunge is minimal. Appellant submitted this petition to expunge his criminal record only 16 months after the original charges were filed. The Commonwealth avers that the high rate of recidivism associated with these crimes and the short period of time since the charges were filed are compelling reasons to retain appellant's records. The Commonwealth asserts that the likelihood of a repeat occurrence of this type of crime is so great that it is necessary to maintain the vital information found in arrest records in order to establish a chronicle of events that may be vital to subsequent investigations. This court agrees.
Id. at 339, 673 A.2d at 972. Concededly, factual distinctions exist between Persia and the case at bar. However, I believe that in any case involving credible allegations of child sexual abuse, an important factor we must consider in evaluating a request for expungement is the passage of time without any incidents of alleged child molestation. Here, Appellee provided the fact finder with a view of only one month of his post-acquittal conduct. I do not believe that we can adequately review his request for expungement after such a short passage of time. Instead, I would hold, as a matter of law, that in cases of alleged child sexual abuse, we grant no petition to expunge filed within five years of an acquittal or other final disposition.