J-A09021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE BROWN | |
| Appellant | No. 2971 EDA 2012 |

Appeal from the Order September 27, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): No. CP-51-CR-0218841-1992

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE BROWN | |
| Appellant | No. 2972 EDA 2012 |

Appeal from the Order September 27, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): No. MC-51-CR-0006654-2011

BEFORE:  BOWES, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2014**

Terrance Brown brings these consolidated appeals from the orders entered in the Philadelphia County Court of Common Pleas on September 27, 2012, denying his petitions for expungement of his criminal record in two prior cases.  On appeal, Brown argues the trial court abused its

discretion in denying his petitions for expungement. For the reasons set forth below, we affirm in part, and reverse in part.

The facts underlying these appeals are as follows. On June 6, 2012, Brown filed petitions for expungement of charges in three separate cases. The first involved charges filed in 1985, for which he was ultimately found not guilty. The trial court granted this petition,[1] and that case is not before us on appeal. Brown, however, also sought to expunge charges filed in 1992 and 2011.

The 1992 charges relate to Brown's arrest on January 9, 1992, for charges of possession of a controlled substance and possession with intent to deliver a controlled substance ("PWID").[2] The Commonwealth withdrew the charges four months later on May 8, 1992.[3]

The 2011 charges, involving simple assault and recklessly endangering another person ("REAP"),[4] stem from a dispute with his then girlfriend.[5] A

_____

[1] N.T., 9/27/2012, at 5.

[2] 35 P.S. §§ 780-113(a)(16) and (a)(30).

[3] The original record from this arrest has been lost. **See** Trial Court Opinion, 6/18/2013, at 5. The certified record on appeal consists of a "reproduced" record, which includes only the criminal docket.

[4] 18 Pa.C.S. §§ 2701 and 2705.

[5] The certified record contains Brown's arrest warrant, and accompanying probable cause affidavit. The affidavit avers that Brown "was the complainant's boyfriend … for about seven years" and on the date in question, dragged her out of a car, pushed her against the vehicle, *(Footnote Continued Next Page)*

Pretrial Services Division Investigation Report notes that a "Stay Away" order was issued because domestic violence was alleged. Investigation Report, 2/16/2011, at 1. The case was continued on March 21, 2011, when both Brown and the complaining witness failed to appear in court. At the next listing on April 14, 2011, the Commonwealth's witness again failed to appear. The Commonwealth then withdrew the charges on July 28, 2011.

The trial court held a **Wexler**[6] hearing on September 27, 2012, at which time defense counsel acknowledged that Brown was presently serving two years' probation for a recent theft conviction.[7] The only testimony offered at the hearing was from Brown, during which he acknowledged he had been a practicing nurse for 19 years, although he claimed that he had been denied employment in two instances as a result of the 1992 and 2011

_(Footnote Continued)_ ————————————

"repeatedly slapped" her, and poked her in the eye. Probable Cause Affidavit, 7/2/2010, at 2.

[6] **Commonwealth v. Wexler**, 431 A.2d 877 (Pa. 1981).

[7] Although the details of the recent theft charges are not in the certified record, the trial court provided the following background in its opinion:

> In June 2011, [] Brown was arrested and charged with Insurance Fraud and Conspiracy to Commit Insurance Fraud, both felonies, as well as Attempted Theft by Deception, a misdemeanor. The charges were apparently related to events occurring in 1996, and [] Brown pled guilty to the misdemeanor in exchange for the Commonwealth _nolle prossing_ the two felonies. [] Brown was sentenced to two years probation on Sept. 19, 2012.

Trial Court Opinion, 6/18/2013, at 1-2 (footnotes and internal citation omitted).

charges. At the close of the hearing, the trial court denied Brown's remaining two petitions for expungement. These timely appeals followed.[8]

On appeal, Brown argues the trial court abused its discretion in denying his petitions for expungement. Specifically, he contends the trial court failed to place the initial burden on the Commonwealth to justify the retention of his non-conviction records with specific, compelling reasons. Moreover, Brown argues that even if we determine that the Commonwealth met its initial burden, the trial court abused its discretion in finding the **Wexler** factors weigh in favor of retention of the records.

Preliminarily, we note that "[t]he decision to grant or deny a petition to expungement lies in the sound discretion of the trial court, who must balance 'the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.'" **Commonwealth v. Wallace**, ___ A.3d ___, 2014 WL 3579692, *6 (Pa. filed 7/21/2014), *quoting* **Wexler**, **supra**, 431 A.2d at 879.

---

[8] On October 15, 2012, the trial court ordered Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Brown complied with the court's directive and filed identical concise statements for each case on November 2, 2012.

In **Commonwealth v. Moto**, 23 A.3d 989 (Pa. 2011), our Supreme Court set forth the relevant considerations when ruling upon a defendant's petition for expungement of criminal records:

> Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; **Hunt v. Pennsylvania State Police**, 603 Pa. 156, 983 A.2d 627, 633 (2009). When a petitioner has been tried and acquitted of the offenses charged, we have held that the petitioner is "automatically entitled to the expungement of his arrest record." **Commonwealth v. D.M.**, 548 Pa. 131, 695 A.2d 770, 772–73 (1997). When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa.1981); **D.M.**, **supra** at 772 ("We reiterate the authority of **Wexler** and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").
>
> To aid courts in applying the balancing test for expungement, we also adopted in **Wexler** the following non-exhaustive list of factors that the court should consider:
>
> > These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.
>
> **Wexler**, **supra** at 879 (citation omitted).

We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it. *Id.* at 880–81. The mere assertion by the Commonwealth of a general interest in maintaining accurate records of those accused of a crime does not outweigh an individual's specific, substantial interest in clearing his or her record. *Id.* at 881–82.

In addition, *Wexler* explicitly placed the burden of proof on the Commonwealth. The case against the *Wexler* appellants had been *nolle prossed* after the Commonwealth had admitted that it would be unable to sustain its burden of proof at trial. *Wexler*, *supra* at 880. Nonetheless, the trial court denied the appellants' petition to expunge their arrest records, and the Superior Court affirmed. [The Supreme] Court reversed and ordered expungement, concluding that the Commonwealth had not proffered "compelling evidence" to justify the retention of the appellants' arrest records. *Id.* at 881. Importantly, in general terms, we held that when the Commonwealth admits that it is unable to bear its burden of proof beyond a reasonable doubt at trial, then "the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." *Id.* at 880.

*Id.* at 993-994.

Therefore, pursuant to *Wexler* and its progeny, the Commonwealth bears the burden of justifying the retention of a defendant's non-conviction records when, as here, the charges were dismissed by the Commonwealth before trial.

In his first issue, Brown argues *Wexler* requires a "two-step process at an expungement hearing." Brown's Brief at 12. First, the Commonwealth must meet its initial burden of providing specific, compelling reasons to retain the defendant's non-conviction records. Only after the Commonwealth has met its initial burden may the trial court engage in a balancing of the *Wexler* factors. *See id.*

- 6 -

We do not agree that **Wexler** and its progeny require the Commonwealth to overcome an initial hurdle before the trial court may weigh the **Wexler** factors. It is clear that in a case in which the charges against a defendant were dismissed before trial, the Commonwealth bears the ultimate burden of justifying retention of his criminal records. Moreover, this Court has explained:

> [The **Wexler** factors] serve as guidance to the court in determining whether the Commonwealth has met its burden. Those factors do not shift the burden of persuasion to the petitioner. If the petitioner does not show great harm or prejudice by retention of the records, such a showing may be considered in a balancing test, but the ultimate burden of proof and persuasion is upon the Commonwealth.

**Commonwealth v. McKee**, 516 A.2d 6, 9 (Pa. Super. 1986). The cases do not, however, require the trial court to forgo consideration of the **Wexler** factors when the Commonwealth initially fails to provide sufficient, compelling reasons for retention of the defendant's criminal record.[9] Rather, as our Supreme Court stated in **Commonwealth v. D.M.**, 695 A.2d 770, 773 (Pa. 1997), "**[a]ll the factors** listed in **Wexler**, and similar additional considerations, **should be evaluated** in expunction cases which are terminated without conviction for reasons such as *nolle prosequi* or ARD." (emphasis supplied). Therefore, we decline to create a two-part test, as

_____

[9] Naturally, however, the Commonwealth's failure to provide such compelling reasons would weigh heavily in favor of expungement.

suggested by Brown, requiring the Commonwealth to provide compelling reasons for the retention of a defendant's non-conviction record **before** permitting the trial court to consider the *Wexler* factors.[10]  Accordingly, his first argument fails.

Next, Brown argues the trial court abused its discretion in concluding that the *Wexler* factors in the present case weigh in favor of retention of his 1992 and 2011 non-conviction records when the Commonwealth failed to present any reasons supporting retention of the records at the *Wexler* hearing, and the remaining factors weigh in favor of expungement.

Although the certified record includes relevant documents pertaining to Brown's arrests, to the extent they are still available, a review of the notes of testimony from the *Wexler* hearing in the present case reveals that the Commonwealth offered no witnesses or argument in support of its position that Brown's prior arrest records should be maintained.  In fact, the entire hearing, spanning ten pages, consists of Brown's testimony regarding the alleged prejudicial effect his arrest record has had on his ability to find

_____

[10] Indeed, under Brown's analysis, a *Wexler* hearing would be unnecessary if the Commonwealth did not initially respond to the expungement petition with sufficient, compelling reasons justifying retention of the criminal records.  Brown does not present any authority for this requirement and our research has revealed no such condition precedent.

employment as a nurse.[11]  **See** N.T., 9/27/2013, at 1-10.  We also note that the trial court, in its initial ruling **before** Brown was afforded the opportunity to testify, denied the expungement petitions, presumably because Brown was on probation for another, more recent charge.[12]  **See** Docket Entry, 9/27/2012 (stating "Order Denying Motion for Expungement" and "Defendant is on active probation").  While Brown's continued, and recent, criminal record is a factor for the trial court to consider when determining whether his non-conviction records caused him any "specific adverse consequences,"[13] the fact that he is currently on probation does not, alone, **preclude** expungement of his prior non-conviction records.[14]  As set forth in

_____

[11] Despite the alleged negative effect of the arrest records, however, Brown admitted he has been employed as a licensed practical nurse for 19 years. N.T., 9/27/2013, at 6.

[12] In fact, the trial court mistakenly believed that Brown also petitioned to expunge two charges related to his most recent theft plea.  **See** Trial Court Opinion, 6/18/2013, at 6-8.  However, a review of the record reveals Brown filed only three petitions:  the first, seeking to expunge the 1985 charges for which he was acquitted, and the other two seeking to expunge the 1992 drug charges and the 2011 domestic violence charges.  Therefore, the trial court's discussion of the 2011 charges that were *nolle prossed* in exchange for Brown's theft plea is irrelevant to this appeal.

[13] **Wexler**, **supra**, 431 A.2d at 879.

[14] We note that in **Wallace**, **supra**, the Pennsylvania Supreme Court recently held that "an inmate does **not** have the right to petition for expungment **while incarcerated**." **Wallace**, **supra**, at *10 (emphasis supplied).  Since, in the present case, Brown is not incarcerated, the pronouncement in **Wallace** does not affect our decision.

- 9 -

*D.M.* and *Wexler*, a trial court should consider **all the factors**.[15] *See Wexler*, *supra*, 431 A.2d at 879; *D.M.*, *supra*, 695 A.2d at 773. Nevertheless, for the reasons that follow, we agree that the record reveals compelling reasons to retain Brown's 2011 arrest records, but reverse the trial court's order with respect to Brown's 1992 arrest.

With regard to Brown's 1992 arrest, we note the Commonwealth now avers that it "does not oppose the expungement of the 1992 drug charges." Commonwealth's Brief at 5. Accordingly, on this basis alone, we could reverse the trial court's ruling. Moreover, our review of the certified record, and in particular, the transcript from the expungement hearing, reveals the Commonwealth failed to meet its burden of providing **any reason**, let alone a compelling one, to justify retention of these 20-year-old drug charges, and none is apparent on the face of the record. Accordingly, we find the trial court abused its discretion in denying Brown's petition to expunge the 1992 charges.

However, our analysis of the 2011 assault charges leads us to a different conclusion. First, the 2011 charges stemmed from an incident of

_____

[15] In its opinion, the trial court did not rely solely on Brown's probationary status in denying his petitions, but rather, considered the *Wexler* factors and concluded that the Commonwealth met its burden of justifying retention of Brown's criminal record.

domestic violence.[16]   Moreover, a review of the docket entries in that case reveals that the Commonwealth was not ready at the first two listings because the victim failed to appear in court.  **See** Criminal Docket, MC-51-CR-0006654-2011, 3/21/2011, and 4/15/2011.   The Commonwealth then withdrew the charges on July 28, 2011, only five months after Brown's arrest.  Brown sought to expunge the charges less than one year later, on June 6, 2012.

This Court's decision in **Commonwealth v. Drummond**, 694 A.2d 1111 (Pa. Super. 1997), is instructive.  In that case, the defendant sought to expunge domestic violence charges from his record.  He was charged with aggravated assault, simple assault and REAP for allegedly punching his wife in the face, and scalding her arms and chest with boiling water.  The Commonwealth withdrew the charges after the victim refused to testify against her husband.  The defendant, who had no prior arrests, filed a petition for expungement less than one year following dismissal of the charges, which the trial court denied.

_____

[16] In his Reply Brief, Brown chastises the Commonwealth for making "prejudicial and unsupported references to 'domestic violence' as the source of the arrest."  Brown's Reply Brief, at 1.  However, the certified record for the 2011 charges includes the probable cause affidavit for his arrest, which clearly alleges domestic violence.  Moreover, as we noted **supra**, a pretrial services investigation report included in the record indicates that a stay away order was issued because domestic violence was alleged.  Therefore, the Commonwealth's characterization of the charges as involving "domestic violence" is accurate.

On appeal, this Court affirmed, concluding that the trial court did not abuse its discretion in finding that "a balancing of the [**Wexler**] factors weighed in favor of temporarily maintaining [the defendant's] arrest record." **Id.** at 1113. Specifically, this Court found that the Commonwealth had a strong case against the defendant, even without the victim's testimony, since the investigating officer witnessed the victim's injuries firsthand. Further, although the defendant had no prior arrests, the only adverse consequences he cited as resulting from the arrest were general claims of "embarrassment and irreparable harm." **Id.** at 1113.

Moreover, this Court found compelling the fact that the petition was filed less than one year following dismissal of the charges, a time period we characterized as "hardly significant" in light of the "grave nature of the crimes with which [the defendant] was charged." **Id.** at 114. Lastly, we emphasized that the statute of limitations for the crimes with which the defendant was charged had not yet expired. Therefore, we held that, "[i]n cases such as the present one, where the evidence against a petitioner is not wholly insufficient, a petitioner's record should, at a minimum, be maintained throughout the applicable statutory period to allow the Commonwealth to refile the charges should the victim decide to testify." **Id.**

We conclude that the facts in the present case are closely aligned to those in **Drummond**. Here, the assault charges against Brown were withdrawn after the victim, Brown's girlfriend, failed to appear in court. Moreover, the probable cause affidavit indicates that the charges were

- 12 -

substantiated by the investigating officer, who stated that he photographed "the redness to [the victim's] right eye." Probable Cause Affidavit, 7/2/2010, at 2. Lastly, Brown sought to expunge the charges less than one year after they were dismissed.[17]

Therefore, the fact that the arrest at issue involved a recent allegation of domestic violence, coupled with Brown's continued employment as a nurse for the last 19 years, provided the trial court with a sufficient basis to deny Brown's petition for expungement of the 2011 charges.[18] Although we agree the Commonwealth failed to proffer evidence at the **Wexler** hearing,[19] nevertheless, we conclude that the trial court acted within its discretion when it reviewed Brown's arrest records, which are part of the certified record on appeal, prior to rendering its decision.[20] Therefore, we find no

_____

[17] The 2011 charges stemmed from a incident that occurred on June 20, 2010. Therefore, the two year statute of limitations for the charges of simple assault and REAP had not yet expired when Brown filed his expungement petition on June 2, 2012. **See** 42 Pa.C.S. § 5552(a).

[18] We recognize that the trial court denied expungement of the 2011 for different reasons. **See** Trial Court Opinion, 6/18/2013, at 5-6. However, "[t]his Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams**, 73 A.3d 609, 617 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).

[19] This fact appears to be attributable, at least in part, to the trial court's initial denial of Brown's petition based upon his current probationary status.

[20] We note the Commonwealth, in its brief, asserts that Brown's 2011 arrest record should be maintained because he "works with a vulnerable population as a nurse, specifically a nurse entrusted with taking care of individuals in a compromised state in their homes upon their release from the hospital."
*(Footnote Continued Next Page)*

abuse of discretion on the part of the trial court in denying Brown's petition to expunge the 2011 charges.

Accordingly, we reverse the order of the trial court denying Brown's petition to expunge the 1992 drug charges, and affirm the order denying Brown's petition to expunge the 2011 domestic violence charges.

Order reversed at docket no. CP-51-CR-0218841-1992. Case remanded with directions to expunge the record as requested. Order affirmed at docket no. CP-51-CR-0006542-2011. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2014

---

*(Footnote Continued)*

Commonwealth's Brief at 7. We acknowledge that the Commonwealth did not proffer this reason during the ***Wexler*** hearing. However, based on Brown's testimony that he is a licensed practical nurse who provides "[h]ome visits for patients being discharged from the hospital," this reason for retention may be inferred from the record. N.T., 9/27/2012, at 6.