J-S68016-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO VAZQUEZ | |
| Appellant | No. 2682 EDA 2012 |

Appeal from the Order Entered August 9, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0951381-1999
MC-51-CR-0804201-1996
MC-51-CR-1034411-1997
MC-51-CR-0607401-1998
MC-51-CR-1054371-1999
MC-51-CR-0143201-1998

BEFORE:  BENDER, P.J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                           **FILED OCTOBER 29, 2014**

Antonio Vazquez[1] appeals *pro se* from the order entered August 9, 2012, in the Philadelphia County Court of Common Pleas, denying his petitions for the expungement of his criminal record in six prior cases.  In a prior decision, this panel concluded the **Wexler**[2] hearing conducted by the trial court did not comport with the requirements of due process.  Therefore,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In prior filings in both the trial court and this Court, the appellant's last name has been misspelled as "Vasquez."

[2] **Commonwealth v. Wexler**, 431 A.2d 877 (Pa. 1981).

we vacated the order denying Vazquez's petitions for expungement and remanded for a proper **Wexler** hearing. **See Commonwealth v. Vazquez**, 97 A.3d 811 (Pa. Super. 2014) (unpublished memorandum). Thereafter, the Commonwealth filed a petition for allowance of appeal in the Pennsylvania Supreme Court. By order dated September 3, 2014, the Supreme Court granted the Commonwealth's petition, vacated our prior order, and remanded this case back to this Court to reconsider our decision in light of its recent holding in **Commonwealth v. Wallace**, 97 A.3d 310 (Pa. 2014). **See Commonwealth v. Vazquez**, ___ A.3d ___, 2014 WL 4357430 (Pa. 2014). After due consideration of the **Wallace** decision, we now affirm the order denying Vazquez's petitions for expungement.

The facts underlying this appeal are well-known to the parties and we need not recite them in detail herein. For purposes of this appeal, we note that on May 11, 2010, Vazquez entered a guilty plea to the charge of third degree murder for the 1999 shooting death of Melvin Coleman, and was sentenced to a term of 15 to 30 years' imprisonment.[3] On July 12, 2012,

_____

[3] Vazquez was originally convicted of first-degree murder for the shooting, and sentenced to life imprisonment on July 20, 2000. However, he was later granted a new trial by the Third Circuit Court of Appeals. **See Vazquez v. Wilson**, 550 F.3d 270 (3d Cir. 2008). When the case was returned to the trial court, Vazquez entered the guilty plea to third-degree murder, and was sentenced to 15 to 30 years' imprisonment with credit for time served. At the time Vazquez filed his brief in the present appeal, he was still incarcerated.

while still incarcerated on the murder charge, Vazquez filed six petitions for expungment of non-conviction charges originating from arrests which occurred between 1996 and 1999.[4]  Although an expungement hearing was conducted on August 9, 2012, Vazquez, who was proceeding *pro se*, did not appear because he was incarcerated in Western Pennsylvania on the murder conviction.  That same day, the trial court entered an order denying Vazquez's petitions for expungement.  This appeal followed.[5]

Vazquez raises two related issues on appeal.[6]  First, he contends the trial court abused its discretion when it failed to conduct a hearing on his petition.  Next, he argues the trial court abused its discretion when it failed to apply the balancing factors listed in **Wexler** and to hold the Commonwealth to its burden to justify the retention of his non-conviction arrest records.

It is well settled that "[t]he decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion."  **Commonwealth v. Moto**, 23

---

[4] In each case, all of the charges were dismissed within two to nine months after his arrest.

[5] On September 5, 2012, the trial court entered an order directing Vazquez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Vazquez complied with the court's directive and filed a Rule 1925(b) statement on September 12, 2012.

[6] We have reordered Vazquez's issues for ease of disposition.

A.3d 989, 993 (Pa. 2011). Generally, when a petitioner has been tried and convicted of charges, those charges are subject to expungement only under "very limited circumstances that are set forth by statute." *Id.*, *citing* 18 Pa.C.S. § 9122. Conversely, when a petitioner has been tried and acquitted of charges, "the petitioner is 'automatically entitled to the expungement of his arrest record.'" *Id.*, *quoting* **Commonwealth v. D.M.**, 695 A.2d 770, 772–773 (Pa. 1997). However,

> [w]hen a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records."
>
> To aid courts in applying the balancing test for expungement, we also adopted in **Wexler** the following non-exhaustive list of factors that the court should consider:
>
>> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.
>
> We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it.

**Moto**, **supra**, 23 A.3d at 993-994

In the present case, we find that we need not address the specific claims raised by Vazquez on appeal because they are preempted by the

- 4 -

pronouncement of the Pennsylvania Supreme Court in **Wallace** that "an inmate does not have the right to petition for expungement while incarcerated." **Id.**, 97 A.3d at 322.

In **Wallace**, **supra**, the defendant had a 14-page criminal record, which included 228 charges, which were terminated by, *inter alia*, conviction, guilty plea, withdrawal, dismissal and acquittal. **Id.** at 313-314. He filed eight petitions to expunge his non-conviction records while he was incarcerated in federal prison on other charges. **Id.** The trial court denied the petitions without first conducting a **Wexler** hearing, and the defendant filed an appeal to this Court.

On appeal, this Court rejected the trial court's analysis,[7] and found that the record was unclear as to which specific charges might be subject to expungement. Therefore, this Court remanded the case for a **Wexler** hearing. **Id.** at 315. The Commonwealth then filed a petition for allowance of appeal, which the Supreme Court accepted on the following issue:

> Did Superior Court err by holding in a published opinion that an incarcerated career criminal has a due process right to a hearing at which the trial court must determine—on a charge by charge basis—whether over a hundred prior criminal charges against him should be expunged?

**Id.** at 316.

---

[7] The panel characterized the trial court's decision as "imposing a 'volume penalty based on the sheer length of [the defendant's] arrest record and on speculation that he may re-offend in prison or in Philadelphia County.'" **Wallace**, **supra**, 97 A.3d at 315.

On appeal, the Supreme Court first determined this Court's "conclusion that the trial court failed to consider *Wexler* factors lacks support in the record." *Id.* at 318. Indeed, the Supreme Court ultimately concluded there was no basis upon which to disturb the trial court's denial of the expungement petitions because "the trial court's findings [were] sound and strongly supported by the record." *Id*. at 319-320.

However, relevant for our purposes, the Supreme Court also held that "an inmate **does not** have the right to petition for expungement while incarcerated." *Id*. at 322 (emphasis supplied). The Court found no due process violation in prohibiting **incarcerated** defendants from petitioning to expunge non-conviction records, concluding that while a defendant does have a private interest in protecting his reputation, the "risk of … an erroneous deprivation [of that interest while he is incarcerated] is slim." *Id.* at 321. Further, the Court noted that a defendant has "other avenues available to him while incarcerated that will aid in repairing his reputation[,]" and that the crimes for which he was convicted, and still imprisoned, will remain part of his criminal history." *Id.* Lastly, the Supreme Court considered the Commonwealth's interest in retaining the defendant's entire criminal record for parole hearings, and for use in penalizing the defendant should he commit any offenses while incarcerated. *Id.* The Court also noted the "practical concerns" of transporting inmates for expungement hearings. *Id.* at 321-322. Significantly, the Court emphasized that "there is

nothing preventing [an incarcerated defendant] from petitioning for expungement once he is released from custody."[8]  *Id.* at 321.

In the case *sub judice*, it is evident from the record that Vazquez was incarcerated on the charge of third degree murder at the time he filed his petitions for expungement.  Pursuant to the dictates of **Wallace**, **supra**, he has no due process right to seek expungement of his criminal records while he remains incarcerated.  Accordingly, we are compelled to conclude the trial court did not abuse its discretion in denying Vazquez's petitions.[9]

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014

_____

[8] We note the **Wallace** Court left unanswered the question of whether an incarcerated defendant may petition to expunge charges for which he was acquitted.  **See id.** at 318 n.14 (finding challenge to denial of expungement of acquitted charges waived for failing to file a timely Pa.R.A.P. 1925(b) concise statement; stating that defendant's "contention that acquittals must be expunged, is not of issue instantly[.]").  Here, however, all of the charges Vazquez seeks to expunge were dismissed prior to trial, and did not result from an acquittal.

[9] The record is unclear as to when Vazquez will be released from prison.  However, once he is no longer incarcerated, he may re-file his petitions for expungement.