J-A07025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSS A. PERRY | |
| Appellant | No. 1379 WDA 2016 |

Appeal from the Order entered August 18, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0001715-1999

BEFORE: OLSON, STABILE, and STRASSBURGER, JJ.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 08, 2017**

Ross A. Perry, Appellant, appeals from the order the Court of Common Pleas of Westmoreland Court entered August 18, 2016, denying his petition for expungement of his record for an indecent assault conviction. Upon review, we affirm.

The relevant underlying facts are not in dispute. Briefly, following an incident that occurred on March 3, 1999, involving a 10-year-old girl Appellant had been babysitting, the Commonwealth charged Appellant with aggravated indecent assault and indecent assault. On January 11, 2000, Appellant pled guilty to indecent assault. The aggravated indecent assault charge was *nolle prossed* as part of the plea agreement. As a result of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

conviction, Appellant was sentenced, *inter alia*, to 2 years' probation.  At the time of the incident, Appellant was approximately 56.  At the time of the expungement proceedings before the trial court Appellant was approximately 74.  There is no record of any arrests, charges, convictions prior to or following the conviction at issue here.

Appellant argues he met all the requirements set forth in 18 Pa.C.S.A. § 9122(b)(1),[1] and that the trial court abused its discretion in denying his petition for expungement.  Specifically, Appellant argues (i) the trial court denied him due process "by apparently deciding the matter before [Appellant] had an opportunity to be heard," and (ii) the court decided the matter "based on speculations and assumptions with no factual basis."  Appellant's Brief at 7.  We disagree.

Our Supreme Court summarized the law governing the expungement of criminal records as follows:

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process.  ***Carlacci v. Mazaleski***, 568 Pa. 471, 798 A.2d 186, 188 (2002).  The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion.  ***Commonwealth v. Waughtel***, 999 A.2d 623, 624–

---

[1] Section 9122(b)(1) reads as follows: "Criminal history record information *may* be expunged when: (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision."  18 Pa.C.S.A. § 9122(b)(1) (emphasis added).

25 (Pa. Super. 2010); *Commonwealth v. A.M.R.*, 887 A.2d 1266, 1268 (Pa. Super. 2005).

Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner.  When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; *Hunt v. Pennsylvania State Police*, 603 Pa. 156, 983 A.2d 627, 633 (2009).  When a petitioner has been tried and acquitted of the offenses charged, we have held that the petitioner is "automatically entitled to the expungement of his arrest record."  *Commonwealth v. D.M.*, 548 Pa. 131, 695 A.2d 770, 772–73 (1997).  When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Commonwealth v. Wexler,* 431 A.2d 877, 879 (Pa. 1981); *D.M., supra* at 772 ("We reiterate the authority of *Wexler* and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").

To aid courts in applying the balancing test for expungement, we also adopted in *Wexler* the following non-exhaustive list of factors that the court should consider:

> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.

*Wexler, supra* at 879 (citation omitted).

We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it. *Id.* at 880–81. The mere assertion by the Commonwealth of a general interest in maintaining accurate records of those accused of a crime does not outweigh an individual's specific, substantial interest in clearing his or her record. *Id.* at 881–82.

***Commonwealth v. Moto***, 23 A.3d 989, 993-94 (Pa. 2011).

As noted above, Appellant challenged the trial court's denial of his petition for expungement[2] on two grounds: (1) he was denied the opportunity to make his case, and (2) in reaching its conclusions, the trial court relied on speculation, not facts.

Regarding Appellant's first contention, we note that the trial court held a hearing on Appellant's petition for expungement, at which counsel for Appellant fully and freely made his case.[3]   A review of the record fails to

---

[2] As noted in ***Moto***, the judicial analysis and evaluation of a petition for expungement depends on how the underlying criminal action was disposed (conviction vs. acquittal vs. otherwise terminated).  While in the underlying petition Appellant seems to pursue the expungement of both the aggravated indecent assault charge and the indecent assault conviction, in the instant appeal Appellant addresses only the indecent assault conviction. Accordingly, we will similarly review only the denial of the expungement of the indecent assault conviction.  At any rate, we note the Commonwealth dropped the aggravated indecent assault charge because Appellant agreed to a plea agreement.  It is well-established that when a defendant pleads guilty and the Commonwealth agrees to dismiss charges as part of the plea agreement, a defendant is normally not entitled to expungement of the dropped charges.  ***See Commonwealth v. V.G.***, 9 A.3d 222, 225-26 (Pa. Super. 2010).

[3] We also note that Appellant was not present at the hearing.  ***See*** Trial Court Opinion, 11/7/16, at 5 n.3.

- 4 -

unveil anything to support the allegation that the trial court decided the matter before hearing what the parties had to say. The gravamen of his allegation is based on one sentence proffered by the trial court during the hearing, which reads as follows: "[Appellant] probably wants to get a job in a day care center, or something like that." N.T. Expungement Hearing, 8/18/16, at 6. According to Appellant, the above sentence shows that "the judge below appeared to be predisposed to deny the petition merely because of the allegations that had been made against him more than 17 years ago." Appellant's Brief at 11. Appellant fails to construe the statement in its context. Indeed, it is part of a more articulated concern later expressed by the trial court, namely, the Commonwealth's interest "that potential employers would [] have knowledge that [Appellant] had been convicted of [a] sexual offense against children." Trial Court Opinion, 11/7/16, at 5; **see also** N.T. Expungement Hearing, 8/18/16, at 8-9. While Appellant disagrees with the trial court's stated concern, Appellant's dissatisfaction is not enough for us to conclude the trial court abused its discretion in denying his petition. **See V.G.**, 9 A.3d at 228 (affirming denial of a petition for expungement of *nolo contendere* plea where the Commonwealth wished to retain petitioner's arrest record due to the serious nature of the criminal charges).

Similarly, Appellant's second ground for challenging the trial court ruling does not fare too well. It is based on the following statement the trial court made at the expungement hearing: "I wouldn't want this man around any child I knew, despite the fact he hasn't been charged, quote, unquote,

with anything prior to this or since this time." N.T. Expungement Hearing, 8/18/16, at 8-9. According to Appellant, "This statement is troubling for several reasons. First, the fact that the court verbally put the word 'charged' in quotes indicated that [the court] simply assumed that even though he wasn't charged with other crimes, that he most likely had committed others." Appellant's Brief at 11-12. Second, Appellant suggests the trial court considered the allegations levied against Appellant, not merely the conviction. *Id.* at 12.

This second argument is meritless for several reasons. First, a review of the record fails to reveal any support for the allegation the trial court assumed that Appellant must have committed other crimes, which were not reflected in his record. Second, Appellant fails to mention that the trial court made it clear that regardless of Appellant's "spotless" record since the conviction, "sexual molestation of a child is a very serious matter" and that the court "wouldn't want [Appellant] around any child [it] knew." N.T. Expungement Hearing, 8/18/16, at 8-9. As noted above, the trial court's main[4] concern militating against the granting of Appellant's petition was "that potential employers would [] have knowledge that [Appellant] had been convicted of sexual offense against children." Trial Court Opinion,

_____

[4] In its opinion, the trial court noted additional reasons for its decision. The concern stated above is the only one the trial court clearly stated at the hearing.

11/7/16, at 5. Finally, regarding Appellant's claim that the trial court considered the allegations against him as opposed to the conviction, Appellant, once again, fails to mention the trial court was fully aware of the distinction, and it clearly stated so. *See* N.T. Expungement Hearing, 8/18/16, at 8. Having found no support in the record for Appellant's claim, we conclude that the claim is meritless.

Because we conclude Appellant failed to establish the trial court abused its discretion in denying Appellant's expungement petition, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017